UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Petitioner,

v.

UNKNOWN,

    Respondent.

No. 2:18-cv-1358-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He challenges the results of a rules violation report for possession of a weapon, claiming the proceedings failed to satisfy due process requirements. *See* ECF No. 1. The determination of guilt resulted in a loss of credits for petitioner. *Id.* at 69-72.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

---

[1] Petitioner also seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). ECF No. 7. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. His request for leave to proceed in forma pauperis is granted.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In this case, restoration of petitioner's lost credits would not guarantee petitioner's earlier release from prison, as he is serving an indeterminate life sentence. *See Rouser v. California*, No. 2:10-cv-2437-MCE-CKD (E.D. Cal.), ECF No. 20 at 2 ("On November 17, 1995, petitioner was sentenced to an indeterminate term of fifty-seven years to life").[2] Petitioner's claims, therefore, do not fall within the "core of habeas corpus." As there is no basis for finding habeas jurisdiction over petitioner's due process claims, the petition must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis (ECF No. 7) is granted; and
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed without prejudice to filing a new action pursuant to 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 18, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE