1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM ROUSER,                          No.  2:18-cv-1358-JAM-EFB P

12                    Petitioner,

13          v.                                  ORDER

14    UNKNOWN,

15                    Respondent.

16

17          On December 19, 2018, this habeas action was dismissed without prejudice to the filing of

18    a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 14.  Judgment was duly entered.

19    ECF No. 15.  On April 15, 2020, petitioner filed a motion for relief from judgment pursuant to

20    Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 16.

21          Rule 60(b) provides for reconsideration of a final judgment where one of more of the

22    following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

23    discovered evidence which, with reasonable diligence, could not have been discovered within

24    twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an

25    opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other

26    reason justifying relief. Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a

27    "reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the

28    judgment of order or the date of the proceedings."  Fed. R. Civ. P 60(c)(1).

1

1    Because petitioner filed his Rule 60(b) motion more than a year after the entry of

2    judgment, he must demonstrate he is entitled to relief for reasons (4), (5), and/or (6).  Petitioner,

3    however, has not shown he is entitled to relief from judgment for any of the reasons enumerated

4    in Rule 60(b).  Petitioner argues that the court erred in dismissing his petition, which challenged

5    the results of a prison rules violation report, because on April 2, 2020, the Board of Parole

6    Hearings relied upon that disciplinary report to deny him parole for ten years.  ECF No. 16.

7    Even so, petitioner's challenge to the disciplinary action does not fall within the "core of habeas

8    corpus."  Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016).  As stated in the findings and

9    recommendations underlying the order of dismissal (ECF No. 12), the petition does not present a

10   basis for habeas jurisdiction because even if the disciplinary report were expunged from

11   petitioner's record, it would not *necessarily* result in petitioner's speedier release.  See id.

12   (observing that a rules violation is just one of many factors a parole board may consider in

13   determining a prisoner's suitability for parole).

14       Accordingly, IT IS ORDERED that petitioner's Rule 60(b) motion seeking relief from

15   judgment (ECF No. 16) is DENIED.

16

17   DATED:  May 11, 2020

18                                              /s/ John A. Mendez_____ _____

19                                              UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24

25

26

27

28

2